UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Holding a Criminal Term

Grand Jury Sworn in on October 30, 2025

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>RAYVON LAMAR HARRIS,<br><br>Defendant. | CRIMINAL NO.<br>MAGISTRATE NO. 25-mj-247 (MAU)<br><br>VIOLATIONS:<br>18 U.S.C. § 922(g)(1)<br>(Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year)<br><br>18 U.S.C. § 922(g)(9)<br>(Unlawful Possession of a Firearm and Ammunition by a Person Been Convicted in any Court of a Misdemeanor Crime of Domestic Violence)<br><br>FORFEITURE:<br>18 U.S.C. § 924(d), 21 U.S.C. § 853(p), and 28 U.S.C. § 2461(c) |

**INDICTMENT**

The Grand Jury charges that:

**COUNT ONE**

On October 14, 2025, within the District of Columbia, **RAYVON LAMAR HARRIS**, knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, in the Superior Court for the District of Columbia, Criminal Case No. 2019-CF2-01612, did unlawfully and knowingly receive and possess a firearm, that is, a Glock 23, 9mm firearm, and did unlawfully and knowingly receive and possess 17 rounds of 9mm ammunition, all of which had been possessed, shipped, and transported in and affecting interstate and foreign commerce.

**(Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year**, in violation of 18 U.S.C. § 922(g)(1))

## COUNT TWO

On October 14, 2025, within the District of Columbia, **RAYVON LAMAR HARRIS**, knowing he had previously been convicted in any court of a misdemeanor crime of domestic violence, that being in the Superior Court for the District of Columbia, Case No. 2015-DVM-01369 and Superior Court for the District of Columbia, Case No. 2014-DVM-01294, and did unlawfully and knowingly receive and possess a firearm, that is, a Glock 23, 9mm firearm, and did unlawfully and knowingly receive and possess 17 rounds of 9mm ammunition, all of which had been possessed, shipped, and transported in and affecting interstate and foreign commerce.

**(Unlawful Possession of a Firearm and Ammunition by a Person Been Convicted in any Court of a Misdemeanor Crime of Domestic Violence**, in violation of 18 U.S.C. § 922(g)(9))

## FORFEITURE ALLEGATION

1. Upon conviction of the offense alleged in Counts One and Two of this Indictment, the defendant shall forfeit to the United States, pursuant to 18 U.S.C. §924(d) and 28 U.S.C. §2461(c), any firearms and ammunition involved in or used in the knowing commission of the offense, including but not limited to: one Glock 23, 9mm firearm and 23 rounds of 9mm ammunition.

2. If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

   (a) cannot be located upon the exercise of due diligence;

   (b) has been transferred or sold to, or deposited with, a third party;

   (c) has been placed beyond the jurisdiction of the Court;

   (d) has been substantially diminished in value; or

   (e) has been commingled with other property that cannot be subdivided without difficulty;

the defendant shall forfeit to the United States any other property of the defendant, up to the value of the property described above, pursuant to 21 U.S.C. §853(p), as incorporated by 28 U.S.C. §2461(c).

(**Criminal Forfeiture**, pursuant to 18 U.S.C. § 924(d), 21 U.S.C. §, and 28 U.S.C. § 2461(c))

A TRUE BILL:

FOREPERSON.

JEANINE FERRIS PIRRO
United States Attorney

By: _____
DAVID HENEK
Chief of VCNT